# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMMY JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:09-CV-898 CAS |
| DEPARTMENT OF VETERANS AFFAIRS, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Timmy Jones for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it for lack of jurisdiction.

### The Complaint

Plaintiff brings this action for deprivation of Veterans' Affairs ("VA") benefits. Plaintiff alleges that his benefits were improperly withheld because the VA found that he "was a fugitive fleeing from a felony warrant when in fact there was no warrant issued for plaintiff." Plaintiff claims that he became homeless as a result of the withheld benefits. Plaintiff seeks monetary relief.

### Discussion

Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Under 38 U.S.C. § 511, decisions of the Secretary of Veterans' Affairs concerning the provision of benefits to veterans or their dependents or survivors are "final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." As a result, to the extent that the complaint seeks to challenge the Secretary's decisions concerning plaintiff's benefits, this Court lacks subject matter jurisdiction.

A plaintiff may potentially sue the VA for collateral damages caused by the negligence of a VA employee. See Cortes Castillo v. Veterans Admin., 433 F. Supp. 2d 221, 224-25 (D.P.R. 2006). Such claims must be brought pursuant to the Federal Torts Claims Act, 28 U.S.C. § 1346 ("FTCA"). To bring an action in federal court against the VA under the FTCA, a plaintiff must first present his or her claim to the appropriate federal agency pursuant to 28 U.S.C. § 2675(a). Non-compliance with § 2675(a) operates as a jurisdictional bar to proceeding in federal court. McCoy v. United States, 264 F.3d 792, 795 (8th Cir. 2001). There are no allegations in the complaint that plaintiff has presented his claims to the VA pursuant to § 2675(a). As a result, plaintiff has failed to establish this Court's jurisdiction, and the case will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel, amended motion to appoint counsel, motion to amend damages, and petition for writ of mandamus are **DENIED** as moot. [Doc. 4, 5, 6, and 7].

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   29th   day of June, 2009.